UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Krista Cooper,

       Plaintiff,

v.                                                      Civil No. 11-2783 (JNE/SER)
                                                    ORDER

S and H Incorporated,

       Defendant.

---

Michelle Dye Neumann, Esq., and Brian T. Rochel, Esq., Halunen & Associates, appeared for Plaintiff Krista Cooper.

Andrew E. Tanick, Esq., and Adam B. Klarfeld, Esq., Ford & Harrison, LLP, appeared for Defendant S and H Incorporated.

---

       Asserting claims of sexual harassment and reprisal discrimination under the Minnesota Human Rights Act, Krista Cooper brought this action against her former employer, S and H Incorporated, in state court. S and H removed the action from state court on the basis of diversity jurisdiction, and Cooper moved to remand it to state court. Finding that S and H had not met its burden to establish the requisite amount in controversy, the Court granted Cooper's motion to remand. Order, *Cooper v. S & H Inc.*, Civil No. 11-318 (MJD/SER) (D. Minn. June 17, 2011). The parties engaged in settlement discussions after the case was remanded. During those discussions, Cooper provided a written calculation of her damages to S and H. After detailing her alleged damages, she asserted that "[t]he total damages in this case well exceed the $150,000 demand [she] has made." One week later, S and H removed the action from state court on the basis of diversity jurisdiction. Asserting that S and H had not satisfied its burden to establish the requisite amount in controversy, Cooper moved to remand the action. For the reasons set forth below, the Court denies Cooper's motion.

1

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2006) (amended 2011). A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *Id.* § 1332(a)(1).

"[T]he amount in controversy is determined by the value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). Punitive damages and statutory attorney fees may be used to establish the amount in controversy. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *Larkin v. Brown*, 41 F.3d 387, 388-89 (8th Cir. 1994) (stating that a claim for punitive damages is subject to closer scrutiny when determining the amount in controversy).

"The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "The party invoking federal jurisdiction has the burden to prove the requisite amount by a preponderance of the evidence." *Advance Am. Servicing*, 526 F.3d at 1173; *cf. OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007) ("While [the Supreme Court] established that when a defendant challenges the plaintiff's allegations of the amount in controversy, a plaintiff must establish jurisdiction by a preponderance of the evidence, [the Supreme Court did] not suggest that unliquidated damages in some specific amount must be proved before trial by a preponderance of evidence." (internal quotation marks omitted)). "This standard applies regardless of whether 'the complaint alleges no specific amount of damages or

an amount under the jurisdictional minimum.'" *Bell*, 557 F.3d at 956 (quoting *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). Under the preponderance standard, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956. "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).

A defendant whose initial removal resulted in remand is not precluded from removing the action again:

> [A]n unsuccessful earlier attempt to remove is not dispositive. A premature removal may lead to a perfectly justified remand; but when matters change—for example . . . by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed, provided only that it is less than one year old. . . .
>
> . . . .
>
> The only effect of adopting an absolute one-bite rule would be to encourage plaintiffs to be coy. Complaints need not include an *ad damnum*. This poses difficulties for defendants who believe that the stakes exceed $75,000 and prefer the federal forum. How is the amount in controversy to be established? Courts accept good-faith estimates by defendants as well as by plaintiffs, but it may be hard for defendants to make and substantiate a realistic estimate early in the case if plaintiffs keep mum. That is why the district judge remanded following defendants' initial notice of removal. Plaintiffs then 'fessed up, apparently believing that their earlier silence (coupled with the failed removal) had locked the case into state court. We see no reason to reward game-playing of this kind. For good or ill, Congress has authorized the removal of cases in which the parties are of diverse citizenship and the stakes exceed $75,000. When either side to such a suit prefers the federal forum, that preference prevails. Now that it is clear that the jurisdictional requirements of § 1332 have been met, this case must be resolved in federal court.

*Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) (citation omitted); *see In re Diet Drugs*, 282 F.3d 220, 232 n.8 (3d Cir. 2002) ("The removal statute does not categorically prohibit the filing of a second removal petition following remand." (citation omitted)); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("We have already established that section 1446(b) allows Infax to file successive removals based on different factual basis.").

In her Complaint, Cooper sought "restitution in the form of back pay"; "compensatory damages in an amount to be established at trial"; reinstatement or, in the alternative, "front pay and monetary value of any employment benefits she would have been entitled to as an employee"; and attorney fees. She also requested "treble damages as permitted by statute." Before removing the action for the first time, S and H asked Cooper to "[a]dmit that the matter in controversy . . . exceeds the sum or value of $75,000, exclusive of interest and costs." Cooper objected to the request on the grounds that it "calls for a legal conclusion," "calls for information protected by attorney-client and work product privileges," and "calls for [her] to speculate on the award of damages for emotional distress which is the province of the trier of fact." She "denie[d] that her current lost wages exceed the sum or value of $75,000," and she stated that she was "without sufficient information at the stage of discovery to speculate on whether a jury might determine that punitive damages and/or trebling of damages as provided by statute might be appropriate." Accordingly, Cooper denied S and H's request for admission. S and H then asked Cooper to stipulate that the matter in controversy is less than the sum or value of $75,000, exclusive of interest of costs. Cooper did not respond. S and H removed the action. Finding that S and H had not satisfied its burden of demonstrating the requisite amount in controversy, the Court remanded it. After the case was remanded, Cooper made an oral settlement demand of $150,000. Later, she provided a written calculation of her damages to S and H for purposes of

settlement negotiations.  She calculated $5,000 in past wage loss, $20,000 in future wage loss, and $150,000 in emotional distress, all subject to trebling.[1]  She also calculated punitive damages of $25,000 and attorney fees through trial of $275,000.  After calculating her damages, she acknowledged her $150,000 settlement demand: "The total damages in this case well exceed the $150,000 demand [Cooper] has made but [her counsel] discounted [her] demand given that we have not yet expended a huge amount of time in the case to date and given the risks of litigation to both parties."

"[A] plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam)); *see Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (stating that the amount in controversy was "between $180,000 and $200,000" in slip-and-fall case where plaintiff's lawyer said the claim was worth the same and demanded a settlement of $160,000 before removal; that plaintiff's willingness to accept $60,000 after removal, to the extent post-removal events illuminate the jurisdictional question, supported conclusion that requisite amount in controversy existed; and that plaintiff "did not offer to take $60,000 if a jury should decide in his favor and nothing otherwise; he wanted $60,000 *with certainty*, which implies that the stakes at trial comfortably exceed the minimum"); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) ("Holding that a post-

---

[1]   Under the Minnesota Human Rights Act, a plaintiff may recover "compensatory damages in an amount up to three times the actual damages sustained," "damages for mental anguish or suffering and reasonable attorney's fees," and punitive damages.  Minn. Stat. §§ 363A.29, subd. 4, 363A.33, subds. 6-7 (2010).  The Minnesota Court of Appeals has stated that the Minnesota Human Rights Act "specifically does not include emotional damages within the damages permitted to be trebled." *Ray v. Miller Meester Advertising, Inc.*, 664 N.W.2d 355, 370 (Minn. Ct. App. 2003), *aff'd*, 684 N.W.2d 404 (Minn. 2004).

complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit." (footnote omitted)).  After the case was remanded, Cooper made a settlement demand that exceeded $75,000.  Although Cooper asserted at the hearing that S and H removed the action on the basis of speculative assertions made as part of settlement discussions, that she did not intend to start settlement negotiations from $75,000, and that the case might settle for less than $75,000, she maintained that a verdict in excess of $75,000 in her favor would not have to be set aside.

It may be that Cooper will not recover all of the damages she seeks, but her ultimate recovery does not control the jurisdictional inquiry.  *See OnePoint Solutions*, 486 F.3d at 349 (stating that jurisdiction is not measured by the end result); *Kopp*, 280 F.3d at 885.  Given the nature of the damages sought under the facts and circumstances of this case and the settlement demand Cooper made, the Court finds that S and H has satisfied its burden of establishing that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *Cf. Kopp*, 280 F.3d at 885 ("As we see it, the federal court has jurisdiction here unless, as a matter of law, Ms. Kopp could not recover punitive damages or damages for emotional distress, the amount of damages that she could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents.").  Cooper has not established to a legal certainty that her "claim is for less than the requisite amount."  *Bell*, 557 F.3d at 956; *cf. Kopp*, 280 F.3d at 885 ("If access to federal district courts is to be further limited it should be done by statute and not by court decisions that permit a district court judge to prejudge the monetary value of an unliquidated claim." (internal quotation marks omitted)).  Accordingly, the Court denies Cooper's motion to remand.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Cooper's motion to remand [Docket No. 5] is DENIED.

Dated: January 25, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge